IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:05CR230 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| RICARDO CORRALES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a report and recommendation by Magistrate Judge Piester (filing 23), recommending denial of Defendant's motion to suppress (filing 15). Judge Piester's findings and conclusions were announced at the end of the evidentiary hearing that he conducted on September 15, 2005. See Transcript (filing 24) at 158-163.

Pursuant to NECrimR 57.3 and 28 U.S.C. § 636(b)(1), Defendant has filed a statement of objections to the report and recommendation (filing 29). Basically, Defendant objects to Judge Piester's conclusions (1) that Defendant's vehicle was lawfully stopped by a sheriff's deputy for following another vehicle too closely on the Interstate, (2) that Defendant voluntarily consented to the deputy asking additional questions after issuing Defendant a warning ticket and telling Defendant that he was free to go, (3) that Defendant also voluntarily consented to the deputy searching the vehicle, and (4) that the deputy had a reasonable articulable suspicion to detain Defendant when he asked Defendant to consent to the questioning and search.[1] The government has not responded to Defendant's objections.

---

[1] Judge Piester made this final determination in response to an argument presented by Defendant's counsel. However, Judge Piester also rejected the argument as a matter of law, stating, "I don't think that any reasonable articulable suspicion is necessary to ask a motorist for consent to search, nor to ask a motorist for his consent

I have conducted a de novo review of the record. I find that inasmuch as the Magistrate Judge has fully, carefully, and correctly found the facts and applied the law, Defendant's objections should be denied, the report and recommendation should be adopted, and Defendant's motion to suppress should be denied in all respects. In addition to the matters stated by Judge Piester, I conclude that Defendant's consent to the search removed any taint of the allegedly unlawful stop and detention. See United States v. Palacios-Suarez, 149 F.3d 770 (8th Cir. 1998) (even if traffic stop was illegal, motion to suppress was properly denied where evidence showed that defendant knowingly and voluntarily consented to the search nine minutes after the initial stop, when a canine unit arrived on the scene; defendant was asked four times to consent without ever being advised that he did not have to consent to the search). I also specifically find that the deputy sheriff could reasonably believe that Defendant voluntarily and knowingly consented to the search. See United States v. Cedano-Medina, 366 F.3d 682 (8th Cir. 2004) (despite language difficulties and officer's repeated requests to search vehicle, it was reasonable to believe that valid consent was obtained).

Accordingly,

IT IS ORDERED that:

1) the Magistrate Judge's report and recommendation (filing 23) is adopted;

2) Defendant's objections to the report and recommendation (filing 29) are denied; and

---

to ask him some additional questions." (Transcript, 160:25-161:2.) Although Defendant "objects to Judge Piester's conclusion that there was reasonable suspicion to detain [Defendant] and search the vehicle driven by [Defendant]," (Filing 29, p. 1), Judge Piester did not conclude that there was "reasonable suspicion . . . to search."

3)	Defendant's motion to suppress (filing 15) is denied in all respects.

November 16, 2005.		BY THE COURT:

		s/ *Richard G. Kopf*
		United States District Judge