IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | Case No. 8:05CR230 |
| Plaintiff,  ) | |
| ) | |
| vs  ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| RICARDO CORRALES-SERNA,  ) | |
| ) | |
| Defendant.  ) | |

At sentencing, defense counsel requested a continuance and leave to submit a motion for departure or variance based upon the alleged fact that the defendant will not receive "good time" credit for time spent in official detention but prior to his actual delivery to the prison.  See Smith v. Hollingsworth, 2005 WL 2105518 (D. Minn. 2005) (adopting report and recommendation and denying federal habeas corpus petition; holding that Bureau of Prisons regulation giving good time credits measured from "actual imprisonment" was not unlawful).[1]   This matter is important and requires further consideration.  Therefore, and despite the belated request,

IT IS ORDERED that:

1.  The oral motion for continuance is granted and sentencing is continued until May 24, 2006, at 4:30 PM, when the defendant will be present and we shall sentence him.

2.  Defense counsel may submit a motion for departure or variance with a supporting brief not later than Wednesday, May 3, 2006.

---

[1]The magistrate judge's decision is reported at 2005 U.S. Dist. LEXIS 37129.

3. The government may submit a responsive brief no later than Wednesday, May 17, 2006.

4. The parties should address in their briefs whether otherwise similarly situated federal defendants (including most especially this defendant) who have been convicted are treated differently for good time credits. Among other fact scenarios, they may wish to brief whether otherwise similarly situated federal defendants who have been convicted are treated differently for good time credits in the following specific circumstances:

(a)   when one federal defendant is held in pretrial custody in a Metropolitan Correctional Center run by the Bureau of Prisons and another federal defendant is held in pretrial custody in a county jail under contract with the United States Marshals Service; or

(b)  when the time it takes to designate and transport one federal defendant to a prison is a different from the time it takes to designate and transport another federal defendant to a prison.

April 20, 2006.                              BY THE COURT:

                                          s/ *Richard G. Kopf*
                                          United States District Judge